IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOBLE ANTHONY MOORE,
    Plaintiff,

vs.                                        Case No.: 3:16cv539/RV/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff, who is proceeding pro se in this action, was granted leave to proceed in forma pauperis (ECF No. 6).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff names as Defendants State Attorney General Pamela Bondi, Assistant State Attorney Thomas Hood Williams, Clerk of Court for the First Circuit Court Pam

Childers, Judges John L. Miller and Jennifer Frydrychowicz of the First Circuit, Pre-Trial Release Officer Maryjane McLellan, and the Escambia County Jail and their medical staff (ECF No. 1 at 2). Plaintiff makes the following allegations (see ECF 1 at 3):

> 1. That Assistant State Attorney Thomas Hood Williams executed a warrant affidavit "which was not supported by anything other than an Investigator/Complainant who never suffer [sic] any injuries or loss from the Plaintiff . . . .";
>
> 2. That Defendant Judge Miller caused him injury by denying him bond on a non-capital offense;
>
> 3. That Defendant Judge Frydrychowicz set his bond at $50,000.00 in violation of the local bond schedule and in a discriminatory manner because a Caucasian with a more serious offense was given a lesser bond on the same or following day;
>
> 4. That Defendant Judge Frydrychowicz placed him on pretrial release "under [Defendant] officer Maryjane McLellan" and subjected him to urinalysis and breath tests; and
>
> 5. That when Plaintiff was placed in the Escambia County Jail after his bond was revoked for failure to appear, he was "denied diabetic low residue deit [sic] trash and constantly denied the proper doses of insulant [sic]" and other medications, and now his "sugar is out of control."

Plaintiff claims violations of the First, Fourth, Eighth and Fourteenth Amendments; "[t]he Treaty of 1836 between Morocco and the United States of America of Peace and Friendship—due to the Plaintiff being a Moor; and "Title 18

U.S. Code Subsection 112 because the Plaintiff is a Founder of an International Civil Society Organization Participant registered with the United Nation as Enlighten Souls of the World Organization" (*id. at* 4). As relief he seeks monetary damages in the amount of $100,000.00, or alternatively the return of his bond money, and that a "Disciplinary Report" be filed against Defendants.

Plaintiff's claims against Judges Miller and Frydrychowicz are barred by the doctrine of judicial immunity. *See* Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within his or her judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in

excess of his authority. Stump, 435 U.S. at 355–57; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357.

In the instant case, the actions of which Plaintiff complains are functions normally performed by a judge in a criminal case. Plaintiff's questioning about the validity of the Judges' rulings does not show that either acted in the absence of all jurisdiction. Therefore, judicial immunity applies, and Plaintiff cannot pursue his claims against them.

Likewise, Plaintiff also fails to state a valid claim against State Attorney General Pamela Bondi and Assistant State Attorney Thomas Hood Williams. A prosecutor is entitled to absolute immunity for all actions he or she takes while performing his or her function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004); *see also* Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State"). Immunity extends to a prosecutor's actions in charging a defendant without probable cause, *see* Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002), and initiating a prosecution even if undertaken with malicious intent, *see* Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009).

As with the Defendant Judges in this action, Plaintiff's allegations against the state attorney Defendants are based on their traditional functions as advocates for the government, and therefore these Defendants are entitled to immunity from suit.

Next, Plaintiff names Clerk of Court Pam Childers and Pre-Trial Release Officer Maryjane McLellan, but it should be noted that Defendant McLellan is mentioned only passingly, briefly identified as the officer assigned to Plaintiff's pretrial release, while Defendant Childers is not mentioned at all. Thus, there is no indication that these Defendants took any specific action to cause any injury to Plaintiff. Furthermore, the only actions complained of that are relevant to these officers are actions that might be derived from the orders entered by the two Defendant Judges. The law is clear that government officials are absolutely immune from suit under the civil rights statutes for their actions that are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430, 96 S. Ct. at 994–95. Accordingly, clerks of court are entitled to absolute immunity when they perform their duties as related to the judicial process. *See* Jenkins v. Clerk of Court, U.S. Dist. Court, Southern Dist. of Fla., 150 F. App'x 988, 990 (11th Cir. 2005); Scott v. Dixon, 720 F.2d 1542, 1546 (11th Cir. 1983); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981); *see also* Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir.1997) (extending judicial immunity to clerks of the court for tasks that are judicial in nature, an integral part of the judicial process, or undertaken pursuant to direction of a judicial officer or pursuant to established practice of the court). Absolute immunity

is also provided to probation, parole, and pretrial officers based on their performance of duties pursuant to the judicial phase of the criminal process. *See* Hart v. Hodges, 587 F.3d 1288, 1296 (11th Cir. 2009); Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir. 1979); Whitesel v. Sengenberger, 222 F.3d 861, 867–68 (10th Cir. 2000); Tripati v. U.S. Immigration and Naturalization Service, 784 F.2d 345, 347–48 (10th Cir. 1986).

Moreover, aside from the issue of immunity, it is apparent from the face of the complaint that the Younger abstention doctrine bars this court from considering Plaintiff's claims.[1] The Supreme Court held in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See* Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir.

---

[1] Review of the Escambia County Clerk of Court's database indicates Plaintiff's criminal case, 16CF4814A, remains pending as of this date. *See* **http://www.**escambiaclerk.com/xml/xml_searchbm. asp?ulname=moore&ufname=ashley&ucasetype2= &ucase=&ucit=&uagencynbr=&uagencytype=&hashkey=X0X2X0 (viewed June 9, 2017); *see also* (ECF No. 1 at Ex. A).

Case No.: 3:16cv539/RV/EMT

2004) (citing Younger, 401 U.S. at 45, 53–54). Plaintiff's allegations do not establish, or support an inference, that his prosecution is motivated by bad faith. *See* Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."); *see also* Trainor v. Hernandez, 431 U.S. 434, 446–47, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977) (noting that Younger principles counsel against federal court intervention in pending state criminal and civil enforcement proceedings and finding no extraordinary circumstances to justify such intervention in the absence of any suggestion that the pending state enforcement action was brought in bad faith or for the purpose of harassing appellees).

Plaintiff further fails to show that the "irreparable injury" exception applies. *See* Younger, 401 U.S. at 53–54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (citing Watson v.

Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 85 L. Ed. 1416 (1941)); Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing Younger, 401 U.S. at 46). Moreover, Plaintiff has an adequate state forum in which to raise his claims. He has the avenue of a direct appeal in the state court system to present his Fourteenth Amendment claims regarding alleged errors of the trial court.

It is apparent from the face of Plaintiff's complaint that the Younger abstention doctrine bars this court from interfering in Plaintiff's state criminal proceedings, and that this case should be dismissed. Stated otherwise, the federal district court is not, given the basic tenets of federalism, available to supervise the state prosecution to which Plaintiff finds himself subject.

Finally, as for Plaintiff's allegation against the Escambia County Jail and its medical staff, this claim is conclusory, devoid of any factual basis and mentioned only in passing, and fails to name a specific Defendant who might be responsible for the alleged deprivation of a diabetic diet. More importantly, the claim is wholly unrelated to the other claims in the complaint.

All claims in a complaint must derive from a common core of circumstances or transactions. *See* Fed . R. Civ. P. 20(a); Skillern v. Georgia Dept. of Corrections Com'r, 379 F. App'x 859, 860 (11th Cir. 2010). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construct Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 (11th Cir. 1998); *see also* Hines v. Thomas, No. 11-0644-WS-C, 2016 WL 4492816, at *27 (S.D. Ala. Feb. 1, 2016). A Plaintiff cannot pursue unrelated claims against different defendants in the same complaint. *See* George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"); Rosado v. Nichols, No. 2:17-cv-195-FtM-99MRM, 2017 WL 1476255, at *6 (M.D. Fla. Apr. 25, 2017); *see also* Skillern, 379 F. App'x at 860 (finding the district court did not abuse its discretion in dismissing case without prejudice because the plaintiff failed to show that his claims arose out of the same transaction or occurrence in compliance with the magistrate judge's order); Bailey v. Board of Cnty. Comm'rs of Alachua Cnty., Fla., 956 F.2d 1112, 1127–28 (11th Cir. 1992) (finding the district court should have severed employment claims from his false arrest and conspiracy claims).

Courts have readily applied this rule in the context of prisoner litigation. *See* Skillern, 379 F. App'x at 860 (finding that, despite prisoner's claim that his allegations regarding "many different transactions and occurrences were related because they showed the defendants' overall indifference to his medical conditions," the allegations described "separate incidents, ranging from feeding [the prisoner] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime . . . ."); George, 507 F.3d at 606–07 (holding that district court should not have allowed prisoner to proceed with a single, sprawling complaint that contained an abundance of claims such as the adequacy of his medical care, censorship of his mail, and how his applications for parole were being mishandled); Boatman v. Riddle, No: 2:16–cv–247–FtM–29CM, 2016 WL 7374516, at *4 (M.D. Fla. Dec. 20, 2016) (finding that claims of retaliation were unrelated to due process claims concerning disciplinary hearings and should therefore be raised in a different lawsuit); Hines, 2016 WL 4492816, at *27 (severing prisoner's claim concerning his classification status from his claim of denial of access to courts); Soriano v. Fresno Unified School Dist., No. 1:14–cv–02023–KJM–SAB, 2015 WL 1606910, at *5 (E.D. Cal. Apr. 9, 2015) (directing plaintiffs that they cannot "change the nature of this suit by adding new, unrelated claims," which would

constitute a "buckshot" complaint).  The rule is additionally justified in the area of prisoner complaints because of the Prison Litigation Reform Act, which contains disincentives to prisoners filing frivolous lawsuits such as its structured measures designed to better ensure that prisoners pay the required filing fees and its "three strikes" provision which limits prisoners to three lawsuit dismissals before they are no longer able to proceed in forma pauperis.  *See* George, 507 F.3d at 607; Hines, 2016 WL 4492816, at *27.

Given the above, if Plaintiff wishes to pursue a claim regarding his medical or other treatment at the Escambia County Jail, he should be made to do so by filing a separate lawsuit, which will be assigned a new case number.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice as to Plaintiff's claim regarding his medical or other treatment at the Escambia County Jail.

2. That the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and under 28 U.S.C. § 1915(e)(2)(B)(iii) for a claim that seeks monetary relief against a Defendants who are immune from such relief.

3. That all pending motions be denied as moot.

At Pensacola, Florida, this 13th day of June 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**